# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Regina M. Rodriguez

Civil Action No. 1:25-cv-03919-RMR

KENDERSON MIGUEL NAVAS MEDINA,

    Plaintiff-Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
ROBERT HAGAN, Director of the Denver Field Office for U.S. Immigration and Customs Enforcement, in his official capacity;
KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity,
TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity,
PAMELA BONDI, Attorney General of the United States, in her official capacity,

    Defendants-Respondents.

---

## ORDER

---

Pending before the Court is Petitioner Kenderson Miguel Navas Medina's ("Mr. Navas") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, and Motion for Temporary Restraining Order And/Or Preliminary Injunction ("Motion"), ECF No. 7. Respondents filed a Combined Response to the Petition and Motion, ECF No. 12, and Mr. Navas filed a Reply to the Response, ECF No. 15. The Court has reviewed the Petition, the Motion, the related briefing, and the applicable case law. For the reasons stated below, the Petition, ECF No. 1, is GRANTED and the Motion, ECF No. 7, is DENIED AS MOOT.

## I.    BACKGROUND[1]

Mr. Navas is a native citizen of Venezuela and has lived in the United States for three years. Since entering, he has lived in Colorado Springs with his U.S. Citizen wife and children and worked as a barber. Mr. Navas filed an Application for Asylum with U.S. Citizenship and Immigration Services ("USCIS") in May 2023 and that application remains pending. He was granted temporary protected status ("TPS") in 2024, but USCIS revoked TPS for Venezuelan nationals in February and September 2025. He has no criminal history that subjects him to mandatory detention. Immigration and Customs Enforcement ("ICE") initiated removal proceedings against Mr. Navas in October 2025 pursuant to 8 U.S.C. § 1181(a)(6)(A)(i) for being present without inspection.

On December 5, 2025, Mr. Navas filed the Petition and Motion arguing that Respondents have unlawfully mandated his continued detention and that he is an ideal candidate for bond.

## II.    LEGAL STANDARD

### A.    Habeas Corpus Relief

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus proceedings under 28 U.S.C. § 2241 "remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Singh v. Choate*, No. 23-cv-02069-CNS, 2024 WL 309747, at *1 (D.

---

[1] The following facts are taken from Mr. Navas's Petition (ECF No. 1), Motion (ECF No. 7), Respondent's Response (ECF No. 12), and Mr. Navas's Reply (ECF No. 15). These facts are undisputed unless otherwise stated.

Colo. Jan. 26, 2024) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)); *see also Hernandez-Ceren v. Wolf*, No. 20-cv-01628-RM, 2020 WL 3036074, at *1 (D. Colo. June 6, 2020) ("[A] person subject to removal is in custody for habeas purposes.").

The writ of habeas corpus is designed to challenge "the fact or duration" of a person's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "In other words, habeas corpus, and thus § 2241, offers detainees release from custody when the very fact that they are detained, or detained for a certain length of time, is unlawful." *Codner v. Choate*, No. 20-cv-01050-PAB, 2020 WL 2769938, at *4 (D. Colo. May 27, 2020).

### B.     Temporary Restraining Order/Preliminary Injunction

To obtain a temporary restraining order, the moving party must establish "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest." *Diné Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quotation omitted); *see also Wiechmann v. Ritter*, 44 F. App'x 346, 347 (10th Cir. 2002) (the standard for a temporary restraining order is the same as the standard for a preliminary injunction). A party seeking an injunction must demonstrate that "all four of the equitable factors weigh in its favor," *Sierra Club, Inc. v. Bostick*, 539 F. App'x 885, 888 (10th Cir. 2013), and a "plaintiff's failure to prove any one of the four preliminary injunction factors renders its request for injunctive relief unwarranted," *Vill. of Logan v. U.S. Dep't of Interior*, 577 F. App'x 760, 766 (10th Cir. 2014).

C.  **Detention Under 8 U.S.C. § 1225(b)(2)(A)**

Previously, this Court has said two sections of INA authorize detention—8 U.S.C. § 1231, which applies once a removal order has been issued, and 8 U.S.C. § 1226, which operates when a removal order has not yet been entered. *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1178 (D. Colo. 2024). Now, a third section of the INA authorizes detention—8 U.S.C. § 1225.

Section 1225(b)(2)(A) states:

> [I]n the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title [the statute governing standard, non-expedited removal proceedings].

8 U.S.C. § 1225(b)(2)(A) (emphasis added). An applicant for admission is defined by § 1225(a)(1) as "[a]lien present in the United States who has not been admitted *or* who arrives in the United States." *Id.* § 1225(a)(1) (emphasis added).

### III.  ANALYSIS

A.  **Habeas Relief Under 28 U.S.C. § 2241 (ECF No. 1)**

Mr. Navas brings five claims for relief: (1) Count I: Respondents jail Mr. Navas in violation of 8 U.S.C. § 1226(a); (2) Count II: Respondents are detaining Mr. Navas in violation of the INA Bond Regulations (8 C.F.R. §§ 236.1, 1236.1 & 1003.19); (3) Count III: Respondents are detaining Mr. Navas in violation of the Administrative Procedures Act ("APA") (5 U.S.C. § 706(2)); (4) Count IV: Respondents detain Mr. Navas in violation of his Fifth Amendment Due Process rights; and (5) Count V: Violation of the INA: Request for Relief Pursuant to *Maldonado Bautista*. ECF No. 1 at 15-18. Ultimately, the parties

disagree on which statutory scheme—8 U.S.C. § 1226(a) or § 1225(b)(2)(A)—controls Mr. Navas's detention. Mr. Navas contends that "this case concerns the discretionary detention provision at 8 U.S.C. § 1226(a)," ECF No. 1 at 5, while Respondents argue that Mr. Navas "is an applicant for admission within the scope of § 1225(b)(2)," ECF No. 12 at 2.

### 1. Count I: Respondents Jail Mr. Navas in Violation of 8 U.S.C. § 1226(a)

For decades, whenever the United States Immigration and Customs Enforcement ("ICE") detained a noncitizen within the interior part of the United States who did not have a pending order of removal, the Department of Homeland Security ("DHS") detained them under Section 236 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226. Earlier this year, in response to a policy change, DHS decided to detain these individuals under INA § 2356, 8 U.S.C. § 1225, which has traditionally been used for noncitizens seeking admission into the United States who are detained at the border or near the border shortly after entry into the United States. Under 8 U.S.C. § 1225, detention is required during the pendency of a noncitizen's immigration removal proceedings, whereas under 8 U.S.C. § 1226, noncitizens are entitled to a bond hearing and, if certain criteria are met, may be released on bond pending their immigration removal proceedings. This policy change has resulted in many noncitizens, many of whom who have lived in the United States for years, being detained without a hearing. Throughout the United States, noncitizens have challenged DHS's new policy. One of the only courts that has embraced this new legal interpretation of the INA is the Board of Immigration Appeals ("BIA") in a decision issued September 5, 2025. *See Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 216 (BIA 2025).

In contrast, most of the federal district courts that have considered this issue determined that 8 U.S.C. § 1226 rather than 8 U.S.C. § 1225 applies to noncitizens who have resided in the United States for years, do not have a removal order, and are detained by ICE. Respondents have failed to convince this Court otherwise.

This Court has previously analyzed the plain language, legislative history, and past practice of § 1225 compared to § 1226 and determined "§ 1225(b)(2) only applies to noncitizens 'seeking admission' and inspected while trying to enter the country, and not to noncitizens who have lived in the United States continuously for over two years." *Mendoza Gutierrez v. Baltasar*, No. 25-CV-2720-RMR, 2025 WL 2962908, at *5-9 (D. Colo. Oct. 17, 2025). In that case, the petitioner, Mr. Gutierrez, was "a native of El Salvador who has resided in the Denver Metro Area since 1999," "lives with his wife and two teenage children, ages 18 and 16, who are U.S. citizens," "owns his own construction firm," and "pays all required taxes, including Social Security, even though he does not benefit from Social Security." *Id.* at *2. Mr. Gutierrez also applied for U-Visa as a parent of a minor child who is a victim of a crime, which Respondents attempted to argue constituted "seeking admission" to the United States. *Id.* at *6. This Court found that Mr. Gutierrez was not "seeking admission" under § 1225(b)(2), even considering his U-Visa application, because he was not "seeking to enter the United States." *Id.* Accordingly, this Court determined that Mr. Gutierrez was "likely to succeed on the merits that he is unlawfully detained under 8 U.S.C. § 1225 and that § 1226 actually did and should have governed Petitioner's detention from the outset." *Id.* at *9. Here, Mr. Navas similarly is not "seeking admission" to the United States under § 1225(b)(2). Mr. Navas has continuously

lived in Colorado Springs for the last three years. He has no criminal history and has a pending application for asylum. Therefore, his circumstances are more appropriately governed by § 1226.

To date, there is no evidence that Mr. Navas has been provided a bond hearing. Therefore, his current detention violates § 1226(a), and the Court will grant his Petition on Count I.[2]

### 2. Class Eligibility[3]

This Court has conditionally certified the following class of noncitizens like Mr. Navas who are, or will be, arrested or detained by ICE under Section 235 of the INA, 8 U.S.C. § 1225:

> All people who are arrested or detained by Respondents in Colorado pending a decision on whether they are to be removed from the United States based on alleged violations of the Immigration and Nationality Act, or who are otherwise subject to the jurisdiction of an Immigration Court located in Colorado, where:
>
> (a)   For the person's most recent entry into the United States, the government has not alleged that the person was admitted into the United States;

---

[2] Because the Court will grant the habeas petition on the basis of Count I, it will not reach Mr. Navas's APA claim, due process claim, and *Bautista* class eligibility claim. *See Hernandez v. Baltazar*, No. 1:25-CV-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025) ("the Court declines to adjudicate Petitioner's due process claim on the merits at this time because the Court grants the relief Petitioner seeks based on the applicability of § 1226(a)."

[3] Mr. Navas argues that he is a member of the nationwide class certified under *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ----, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025). Respondents contend that "the *Bautista* court has not, as Petitioner argues, issued a final judgment with preclusive effect as to the certified class, and thus the order in that pending case does not at present entitle Petitioner to the relief he requests in this case." ECF No. 12 at 3. However, since the filing of the parties' briefing, the *Bautista* court has entered a final judgment declaring "Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)." *Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025). However, because Mr. Navas is a resident of Colorado, this Court will analyze his class eligibility under this Court's class definition established in *Gutierrez v. Baltasar*, No. 25-CV-2720-RMR, 2025 WL 3251143, at *2 (D. Colo. Nov. 21, 2025).

>   (b)     For the person's most recent entry into the United States, the person was not paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A) at the time of entry;
>
>   (c)     The person is not a person whose most recent arrest occurred at the border while they were arriving in the United States; and,
>
>   (d)     The person is being detained based on Respondents' assertion that they are subject to 8 U.S.C. § 1225(b)(2)(A).

*Gutierrez v. Baltasar*, No. 25-CV-2720-RMR, 2025 WL 3251143, at *2 (D. Colo. Nov. 21, 2025). Mr. Navas falls within this class because he (1) was detained in October 2025 pursuant to 8 U.S.C. § 1181(a)(6)(A)(i); (2) was not admitted into the United States upon his most recent entry; (3) was not paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A) at the time of entry; (4) was not most recently arrested at the border while arriving in the United States; and (5) is being detained based on Respondents' assertion that he is subject to 8 U.S.C. § 1225(b)(2)(A). The Court finds that Mr. Navas is a member of the *Gutierrez* class, further bolstering its conclusion that he is he is unlawfully detained under 8 U.S.C. § 1225 and that § 1226 actually did and should have governed his detention from the outset.

Accordingly, the Court grants Mr. Navas's Petition and orders his release from custody until he receives a bond hearing before an immigration judge ("IJ") under § 1226(a), at which the Government shall bear the burden of justifying by clear and convincing evidence of dangerousness or flight risk.

   **B.     Temporary Restraining Order and Preliminary Injunction**

In his Motion, Mr. Navas requests temporary restraining order and/or preliminary injunction ordering Respondents release him from custody or provide him a bond hearing

within 7 days. ECF No. 7 at 18. Given the Court's ruling on Mr. Navas's Petition ordering his release until he receives a bond hearing before an IJ under § 1226(a), his Motion is DENIED AS MOOT.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS Mr. Navas's Petition for Writ of Habeas Corpus, ECF No. 1. The Court further ORDERS that Respondents must release Mr. Navas immediately until he receives a bond hearing before an IJ under § 1226(a), at which the Government shall bear the burden of justifying by clear and convincing evidence of dangerousness or flight risk. It is further ORDERED that Respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven days** of the date of this Court's order. It is further ORDERED that within **five days** of Petitioner's bond hearing, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied.

DATED: December 29, 2025

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge